Case 6:22-cv-00024   Document 12   Filed on 08/08/22 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
August 09, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| BRIAN ALONZO FORD, | § | |
| Plaintiff, | § § § | |
| v. | § | CIVIL ACTION NO. 6:22-CV-00024 |
| CITY OF YOAKUM POLICE DEPARTMENT, *et al.*, | § § § § | |
| Defendants. | § | |

### OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL AND TO DIRECT INVESTIGATION

Plaintiff Brian Alonzo Ford, proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for appointment of counsel (Doc. No. 10.) Also pending before the Court is a letter from Plaintiff, which the Court construes as both a motion for appointment of counsel and a motion for the Court to direct an investigation into the activities of the Yoakum Police Department. (Doc. No. 11.) For the reasons discussed below, Plaintiff's motions for appointment of counsel are DENIED without prejudice. Plaintiff's motion for investigation is DENIED.

After Plaintiff filed his complaint, the Court issued a Notice of Deficient Pleading on July 18, 2022, directing Plaintiff to either (1) pay the $402.00 filing fee for civil actions or (2) submit a completed application to proceed *in forma pauperis* (IFP) along with a certified copy of his inmate trust fund account statement. (Doc. No. 8.) Plaintiff is required to comply with this requirement by August 18, 2022. *Id.* Plaintiff was warned that failure to comply with the Notice of Deficient Pleading in a timely manner may result in his case being dismissed for want of

prosecution. *Id.* On July 22, 2022, Plaintiff filed an application to proceed IFP, but Plaintiff has yet to provide the Court with a certified copy of his inmate trust fund account statement.

The Court repeats: <u>Plaintiff must provide the Court with a certified copy of his inmate trust fund account statement by August 18, 2022, if he wishes to proceed IFP in this case. Until this Court either receives the filing fee or Plaintiff's certified inmate trust fund account statement, no further actions in this case will occur. If Plaintiff fails to submit the required information, his case may be dismissed for want of prosecution.</u>

Because Plaintiff has neither paid the filing fee nor submitted a complete IFP application, the Court DENIES Plaintiff's motions for appointment of counsel at this time. (Doc. Nos. 10, 11.) This denial is "without prejudice," meaning that Plaintiff can renew his motion for appointment of counsel after <u>both</u> of the following occur: (1) he pays the filing fee or is permitted to proceed IFP; <u>and</u> (2) the Court concludes its required screening of Plaintiff's case pursuant to 28 U.S.C. § 1915A, which may include a hearing under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Plaintiff has also submitted a letter to the Court, which the Court construes as a motion for a federal investigation of the Yoakum Police Department. (Doc. No. 11.) This Court adjudicates cases brought before it – the Court does not order investigations to take place. Consequently, Plaintiff's motion for investigation is DENIED. The Court will consider Plaintiff's claims if and when he satisfies the filing fee/IFP process.

ORDERED on August 8, 2022.

                                           MITCHEL NEUROCK
                                           United States Magistrate Judge