United States District Court
Southern District of Texas
**ENTERED**
November 01, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| BRIAN ALONZO FORD, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:22-CV-00024 |
| | § | |
| CITY OF YOAKUM POLICE | § | |
| DEPARTMENT, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Brian Alonzo Ford, a prisoner appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c);[1] 28 U.S.C. §§ 1915(e)(2), 1915A. For purposes of screening and pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the undersigned recommends that Plaintiff's lawsuit be **DISMISSED with prejudice** because Plaintiff seeks relief that is not available under § 1983. The undersigned further recommends that the dismissal of this case count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).[2]

---

[1] Under this provision, "[i]n the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies." 42 U.S.C. § 1997e(c)(2).

[2] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

### A. *Jurisdiction.*

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

### B. *Procedural background and Plaintiff's allegations.*

Plaintiff is a state prisoner currently housed in the DeWitt County Jail in Cuero, Texas. This facility lies within the Victoria Division of the Southern District of Texas. Plaintiff's allegations in this action reference events that occurred while he was being arrested; that arrest apparently led to his current confinement. It is unclear from the record whether Plaintiff is a pre-trial or post-trial detainee. For purposes of this screening, however, that distinction is not material.

Plaintiff alleges that he was arrested in December 2020 pursuant to what he asserts was a fabricated and insufficient search warrant. (Doc. No. 1, pp. 4, 7.) He alleges further that he was subjected to excessive force during his arrest, *id.* at 4, 6, 8, and that the Yoakum Police Department and its chief conspired with the Burnet County Sheriff's Department and the Williamson County Sheriff's Department to violate Plaintiff's civil rights. *Id.* at 3. Plaintiff alleges that his Fourth, Ninth, and Fourteenth Amendment rights were violated. *Id.* at 4.

Plaintiff filed this action using the preprinted form for prisoner § 1983 actions. The "Relief" section of that form asks: "State briefly exactly what you want the court to do for you." *See* Doc. No. 1, p. 4. Plaintiff's full response: "I would like the Federal Courts to bring charges against these departments for all crimes committed under the State and Federal law of our country." *Id.*

No process has been issued in this case.

### *C. Legal standard.*

When a prisoner seeks to proceed *in forma pauperis*, the court shall evaluate the complaint and dismiss it without service of process if the court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A; *see* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).  A claim is frivolous if it has no arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (citing *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).  A claim has no arguable basis in fact if, "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless."  *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

"In analyzing the complaint, [the court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (*per curiam*) (citations omitted).  "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim.  Thus, "the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint."  *Id.* (citing *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that the defendant is liable for the misconduct alleged.  *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  The factual allegations must raise the plaintiff's claim for relief above the level of mere speculation.  *Twombly*, 550 U.S. at 555.  As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, the plaintiff's claim should not be dismissed.  *Id*. Furthermore, as Plaintiff proceeds *pro se*, the Court construes his complaint liberally in his favor. *See Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution and laws of the United States.  42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).  A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties.  *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (*per curiam*).

### D.  Discussion: Plaintiff seeks relief that is unavailable under § 1983, so his case should be dismissed.

As his sole request for relief, Plaintiff asks that criminal charges be brought against the Yoakum Police Department and against the Sheriff's Departments of Burnet County and Williamson County.

Plaintiff's requested relief is not available in a § 1983 civil rights action. There is no constitutional right to have someone criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Numerous courts have held that the relief Plaintiff seeks is simply not available in a § 1983 civil rights case. *E.g.*, *Nelson v. State of Virginia*, No. 7:16CV00055, 2016 WL 3963242, at *2 (W.D. Va. July 21, 2016) (no legal basis for court to order criminal investigation or charges against state officials); *Williams v. Davis*, No. 3:09-CV-0296-B, 2009 WL 928318, at *2 (N.D. Tex. Apr. 6, 2009) ("to the extent Plaintiff seeks to criminally prosecute someone, such relief is not available in a § 1983 civil rights action") (internal quotation marks omitted); *Worthy v. Francis*, No. 3:02-CV-2102N, 2002 WL 31553847, at *2 (N.D. Tex. Nov. 14, 2002) (same); *Jones v. Conway*, No. Civ. A 9203883, 1992 WL 185578, at *1 (E.D. Pa. July 21, 1992) (same); *see also Houston v. Collerman*, No. 9:16-CV-1009, 2016 WL 6267968, at *11 (N.D.N.Y. Oct. 26, 2016) ("it is well-settled that a private citizen does not have a constitutional right to bring a criminal complaint against another individual").

### *E. Recommendation.*

For the foregoing reasons, the undersigned recommends that Plaintiff's case be DISMISSED with prejudice because he seeks relief that is not available under § 1983.

Plaintiff has submitted several motions requesting appointment of counsel in this case. The undersigned has previously denied those motions without prejudice, pending screening of Plaintiff's lawsuit. *See* Doc. Nos. 10, 12, 14, 21, 24. One recently filed motion for appointment of counsel remains, lodged as Document No. 27 on the Court's docket sheet. The Court recommends that Plaintiff's motion for counsel be DENIED as moot.

Finally, the undersigned further recommends that this dismissal count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be instructed to

send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

### F.  Notice.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on November 1, 2022.

_____
MITCHEL NEUROCK
United States Magistrate Judge